UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ST. ANN,

                  Petitioner,            Case No. 13-11720

v.                               Honorable Patrick J. Duggan

LLOYD RAPELJE,             Magistrate Judge Paul J. Komives

                  Respondent.
_____/

## OPINION AND ORDER (1) ADOPTING REPORT AND RECOMMENDATION IN PART, (2) DENYING PETITIONER'S WRIT FOR HABEAS CORPUS, AND (3) DENYING IN PART AND GRANTING IN PART A CERTIFICATE OF APPEALABILITY

Petitioner David St. Ann, a Michigan Department of Corrections prisoner confined at the Saginaw Correctional Facility in Freeland, Michigan, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 16, 2013. In 2009, a Wayne County jury convicted Petitioner of first-degree premeditated murder, in violation of Michigan Compiled Laws § 750.316(1)(a), possession of a firearm during the commission of a felony ("felony firearm"), in violation of Michigan Compiled Laws § 750.227b(1), four counts of uttering and publishing, in contravention to Michigan Compiled Laws § 750.249, and making a false application for state identification, thereby violating Michigan Compiled Laws § 28.293.  Petitioner contends that he is being held in violation of his constitutional

rights and challenges his convictions on grounds implicating the Fourth, Fifth, and Sixth Amendments to the United States Constitution.  After Respondent filed its answer to the petition and the corresponding Rule 5 materials, the lawsuit was referred to Magistrate Judge Paul J. Komives for all pretrial matters, proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).

This action is presently before the Court on Magistrate Judge Komives's Report and Recommendation ("R&R"), issued on May 6, 2014, and Petitioner's timely objections thereto.  The R&R exhaustively analyzes the various claims raised in Petitioner's habeas application, concluding that each claim lacks merit. Consistent with this conclusion, the R&R recommends denial of the petition and a certificate of appealability on each of the issues raised therein.

For the reasons stated herein, the Court adopts the R&R – which it has supplemented where necessary – except with respect to its recommendation that the Court decline to issue a certificate of appealability.  Thus, the Court denies Petitioner's habeas application and grants a certificate of appealability on the sole issue of whether there was sufficient evidence adduced at trial to support the homicide and felony firearm charges.

## I.    STANDARD OF REVIEW

2

**A.     Review of the R&R and Petitioner's Objections**

The Federal Magistrates Act of 1968, Pub. L. No. 90-578, 82 Stat. 1107, "creates two different standards of review for district courts when a magistrate court's finding [or recommendation] is challenged in district court [by way of a party's objection]." *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (internal quotations omitted); *see also* 28 U.S.C. § 636(b)(1)(A)-(B); Fed. R. Civ. P. 72.  When objections are filed to a report and recommendation on a dispositive matter, such as the instant habeas petition, courts are directed to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); Rules Governing § 2254 Cases, Rule 8(b), 28 U.S.C. foll. § 2254.  In completing this *de novo* review, courts reexamine the issues and relevant evidence to determine whether the recommendation should be "accept[ed], reject[ed], or modif[ied], in whole or in part[.]" 28 U.S.C. § 636(b)(1)(C); Rules Governing § 2254 Cases, Rule 8(b), 28 U.S.C. foll. § 2254.  The *de novo* standard does not require a court "to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).

**B.     Review of Habeas Petitions**

In assessing the viability of Petitioner's claims, this Court is mindful that review of this case is governed by the Antiterrorism and Effective Death Penalty

3

Act of 1996 ("AEDPA").  Pub. L. No. 104-132, 110 Stat. 1214.  In order to grant relief, this Court must conclude that the state court's decision "with respect to any claim that was adjudicated on the merits in State court proceedings" was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[]" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

The Supreme Court has expounded upon the meanings of the two clauses contained in 28 U.S.C. § 2254(d)(1).  *Williams v. Taylor*, 529 U.S. 362, 405, 120 S. Ct. 1495, 1519 (2000) ("[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning.").  "A state-court decision is contrary to clearly established federal law if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases or if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent."  *Murphy v. Ohio*, 551 F.3d 485, 493-94 (6th Cir. 2009) (alterations in original) (internal quotation marks omitted) (quoting *Williams*, 529 U.S. at 405, 120 S. Ct. at 1519).  Alternatively, "[i]f the state court identifies the correct governing legal principle . . . , habeas relief is available under the unreasonable application clause if the state court unreasonably applies that principle to the facts

of the prisoner's case or unreasonably extends or unreasonably refuses to extend a

legal principle from the Supreme Court precedent to a new context." *Akins v.*

*Easterling*, 648 F.3d 380, 385 (6th Cir. 2011) (internal quotation marks and

alterations omitted).  A federal court may not find a state court's application of

Supreme Court precedent unreasonable if it is merely "incorrect or erroneous.

[Rather, t]he state court's application must have been 'objectively unreasonable.'"

*See, e.g.*, *Wiggins v. Smith*, 539 U.S. 510, 520-21, 123 S. Ct. 2527, 2535 (2003)

(citations omitted).

Factual determinations made by state court judges in the adjudication of

claims cognizable on habeas review are accorded a presumption of correctness.  28

U.S.C. § 2254(e)(1).  A habeas petitioner may rebut this presumption only with

clear and convincing evidence.  *Id.*  Moreover, habeas review of claims adjudicated

on the merits in state courts is "limited to the record that was before the state

court."  *Cullen v. Pinholster*, 563 U.S. __, 131 S. Ct. 1388, 1398 (2011).

## II.    ANALYSIS OF PETITIONER'S OBJECTIONS

Objection to Factual Background:

Petitioner first objects to the R&R's recitation of the pertinent factual

background, claiming that it was error to rely exclusively on the "seriously flawed"

statement of facts set forth in the Michigan Court of Appeals' decision.  Despite

Petitioner's suggestion that Magistrate Judge Komives was required to review the

facts of Petitioner's case *de novo*, the law does not mandate such scrupulous review of a state court criminal judgment.  Rather, as indicated above, a state court's factual determinations are presumed correct on habeas review unless a petitioner presents clear and convincing evidence to the contrary.  28 U.S.C. § 2254(e)(1); *see also Sumner v. Mata*, 449 U.S. 539, 547, 101 S. Ct. 764, 769 (1981) ("This interest in federalism recognized by Congress in enacting § 2254(d) requires deference by federal courts to factual determinations of all state courts."); *Tucker v. Palmer*, 541 F.3d 652, 661 (6th Cir. 2008) ("[U]nder the strict standards applied to habeas petitions, we cannot ignore the principles of federalism that undergird deference to the *state court's* findings[.]") (emphasis in original).

Objection to Procedural Default Determination:

Petitioner next objects to the R&R's conclusion that Petitioner procedurally defaulted his third, fourth, and fifth claims.  The Court finds no error with this conclusion.  Even if Magistrate Judge Komives's analysis was incorrect, which it is not, Magistrate Judge Komives determined that Petitioner's ineffective assistance of appellate counsel claims might provide the necessary cause to excuse the default and therefore analyzed the merits of the procedurally-defaulted claims. (R&R 10 (recognizing that "the cause and prejudice inquiry" of Petitioner's defaulted claims "merges with an analysis of the merits of" those defaulted claims).)  This course of action was entirely proper.  *See, e.g.*, *Hudson v. Jones*,

351 F.3d 212, 215 (6th Cir. 2003) ("[F]ederal courts are not required to address a

procedural-default issue before deciding against the petitioner on the merits.")

(citing *Lambrix v. Singletary*, 520 U.S. 518, 525, 117 S. Ct. 1517, 1523 (1997)).

Because Magistrate Judge Komives addressed the merits of the otherwise-

defaulted claims – reviewing them *de novo* because the state trial court did not

address them – Petitioner's second objection is overruled.  (R&R 13 n.1.)

Objection Regarding Claim I (Probable Cause and Jurisdictional Defect):

In his habeas application, Petitioner argues an entitlement to the issuance of

the writ of habeas corpus on the ground that the state court lacked jurisdiction to

try him on the murder and the felony firearm charges because the magistrate never

found probable cause to support either charge and because he was never arraigned

on either charge.[1]  In the R&R, Magistrate Judge Komives concludes that

---

[1] Petitioner was originally charged with first-degree murder, felony firearm, several counts of uttering and publishing, and making a false application for state identification.  On April 30, 2009, upon completion of the four-day preliminary examination, the state court magistrate dismissed the first-degree murder and felony firearm charges.  (Wayne Cnty. Cir. Ct. Dkt., ECF No. 9-1.)  Petitioner was bound over on the remaining charges.  (*Id.*)  Petitioner was subsequently arraigned on May 8, 2009.  (*Id.*)  At this arraignment, the prosecution filed a motion to amend the information.  (*Id.*)  From what the Court is able to gather from the state court docket, the information was amended by way of an order entered on May 14, 2009, which corrected Petitioner's last name from Stann to St. Ann.  (*Id.*)  On July 10, 2009, the court heard, and subsequently granted, a motion to reinstate the previously dismissed charges.  (*Id.*)  A review of the transcript from the July 10, 2009 hearing reveals that the state court judge, after hearing arguments from both the prosecution and defense counsel, deemed the state magistrate's decision to dismiss the charges an abuse of discretion.  Citing relevant state law authority, the

Petitioner is not entitled to habeas relief on this claim.  Petitioner objects to this conclusion, reiterating the arguments previously presented.  This Court concurs with the conclusion reached in the R&R for the reasons that follow.

To the extent Petitioner argues that his conviction must be voided because there was no probable cause to support the charges, this argument fails.  The Constitution does not require a probable cause hearing to be conducted prior to a criminal trial.  *Gerstein v. Pugh*, 420 U.S. 103, 119, 125 n.26, 95 S. Ct. 854, 865, 869 n.26 (1975) ("Because the probable cause determination is not a constitutional prerequisite to the charging decision, it is required only for those suspects who suffer restraints on liberty other than the condition that they appear for trial.")  Petitioner was arrested on a warrant, which by virtue of its issuance demonstrates a finding of probable cause on all of the charges, including first-degree murder and felony firearm.  *Id.*, 420 U.S. at 119 n.18, 95 S. Ct. at 866 n.18 ("A person arrested under a warrant would have received a prior judicial determination of probable cause.")  Although the state court magistrate concluded upon completion of the preliminary examination that there was insufficient evidence to bind Petitioner over on the murder and felony firearm charges, Petitioner was bound over on the remaining charges.  There was therefore no "significant pretrial restraint of

state court concluded that reinstatement of the homicide and felony firearm charges was proper, as it would not result in unfair surprise or otherwise prejudice Petitioner.  (7/10/09 Hrg. Tr., ECF No 9-6.)

[Petitioner's] liberty" in violation of the Fourth Amendment.  *Id.* at 125, 95 S. Ct. at 868-69.  Furthermore, the state court judge presiding over the motion to reinstate did, in fact, make a probable cause determination before granting the motion.  *See* note 1, *supra*.  Petitioner does not argue that the hearing on this motion, at which Petitioner was present, was unreliable.

Even if Petitioner's argument had merit and the charges were erroneously reinstituted, the Court sees no reason to depart "from the established rule that illegal arrest or detention does not void a subsequent conviction."  *Id.* at 119, 95 S. Ct. at 865 (citing *Frisbie v. Collins*, 342 U.S. 519, 72 S. Ct. 509 (1952) and *Ker v. Illinois*, 119 U.S. 436, 7 S. Ct. 225 (1886)); *id.* at 119, 95 S. Ct. at 866 ("[A] conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause.") (citations omitted).  "[A] state court's decision to hold a person for trial does not implicate a federal constitutional right, especially when there is sufficient evidence of the crime presented at trial to satisfy the Due Process Clause."[2]  *Fawaz v. Wolfenbarger*, No. 09-14965, 2013 U.S. Dist. LEXIS 49469, at *33 (E.D. Mich. Apr. 5, 2013) (Lawson, J.); *cf. United States v. Mechanik*, 475 U.S. 66, 73, 106 S. Ct. 938, 943 (1986) (holding harmless any defect with the grand jury's institution of charges where defendant was subsequently tried, and found guilty, by a petit jury).

---

[2] The Court finds that there was sufficient evidence to convict Petitioner, as discussed *infra*.

In sum, because Petitioner was bound over on several charges, there was no additional deprivation of liberty caused by reinstitution of the homicide and felony firearm charges.  Thus, the claimed probable cause error, which was subsequently remedied by the jury's verdict, does not provide a basis for habeas relief.

Petitioner also suggests that his conviction should be voided because the failure to make a probable cause determination deprived the state court of jurisdiction over him.  However, as Magistrate Judge Komives notes, "[a] determination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary."  *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976) (per curiam).  Moreover, whether a charging document is sufficient to confer jurisdiction on a trial court is also a state law issue which is not cognizable on federal habeas review unless an amendment to that document deprives a petitioner of his due process right to fair notice of the charges against him.[3]  *Strunk v. Martin*, 27 F. App'x 473, 475 (6th Cir. 2001) (citations omitted).

Pursuant to Michigan law, "[o]nce a preliminary examination is held and the defendant is bound over on any charge, the circuit court obtains jurisdiction over

---

[3] The Sixth Amendment provides, in pertinent part, that a criminal defendant has the right to "be informed of the nature and cause of the accusation against him."  U.S. Const. amend. VI.  As explained by the Sixth Circuit, "[n]otice and an opportunity to defend against the charges as guaranteed by the Sixth Amendment are an integral part of the due process protected by the Fourteenth Amendment, and are accordingly applicable in state prosecutions."  *Strunk v. Martin*, 27 F. App'x 473, 475 (6th Cir. 2001) (citations omitted).

the defendant." *People v. Unger*, 278 Mich. App. 210, 221, 749 N.W.2d 272, 285 (Mich. Ct. App. 2008) (citing *People v. Goecke*, 457 Mich. 442, 458-59, 579 N.W.2d 868, 875-77 (1998)).  Contrary to Petitioner's suggestion, such jurisdiction is not dependent upon the filing of a return by the examining magistrate; rather, "having once vested in the circuit court, personal jurisdiction is not lost even when a void or improper information is filed." *Goecke*, 457 Mich. at 458-59, 579 N.W.2d at 876 (citation omitted).  "The only legal obstacle to amending the information to reinstitute an erroneously dismissed charge is that the amendment would unduly prejudice the defendant because of 'unfair surprise, inadequate notice, or insufficient opportunity to defend.'"[4] *Unger*, 278 Mich. App. at 221, 749 N.W.2d at 285 (quotation omitted).

Petitioner alleges that he was never notified of the substance and nature of the crimes for which he was charged.  A cursory review of the state court record belies this claim, as Petitioner's preliminary examination lasted four days and Petitioner was present at the July 10, 2009 hearing to reinstate the previously dismissed charges.

In what seems like a final attempt to persuade this Court that a probable cause determination by the magistrate was a prerequisite to the vesting of jurisdiction in the state court, Petitioner asserts that the Michigan Court of Appeals

---

[4] In this regard, Michigan law is consistent with the federal Constitution.

11

did not address the jurisdictional and probable cause contentions on direct appeal.

According to Petitioner, this deficiency illustrates the inadequacy of Michigan's

corrective processes to protect constitutional rights.  To the extent Petitioner makes

this argument under the belief that such allegations will permit him to surmount the

barrier created by *Stone v. Powell*, 428 U.S. 465, 96 S. Ct. 3037 (1976) (holding

that federal habeas review of a petitioner's arrest or search is barred where the state

court has provided a full and fair opportunity to litigate an illegal arrest or a search

and seizure claim), he is incorrect.  This is because the Michigan Court of Appeals

did address the probable cause and jurisdictional arguments, albeit somewhat

indirectly, when it indicated that due to its conclusion that Petitioner's conviction

was supported by sufficient evidence at trial, it need not address Petitioner's

"argument that the trial court erred in denying his motion to quash the murder

charge."  *People v. St. Ann*, No. 294569, 2010 WL 4485910, at *4 (Mich. Ct. App.

Nov. 9, 2010) (per curiam).  The only fair reading of this language is that the state

court's determination that there was sufficient evidence to convict rendered any

argument that there was insufficient evidence to charge irrelevant.

  In sum, Petitioner's probable cause and jurisdictional claims are not the

types of claims cognizable on habeas review, and, even assuming they were,

Petitioner's arguments are unavailing.  Because habeas relief is not warranted on

either ground, the Court overrules Petitioner's objection.

Objection Regarding Claims II and V (Sufficiency of Evidence):

Petitioner objects to the R&R's conclusion that habeas relief is not warranted on insufficiency of the evidence grounds. Petitioner contends that the prosecution failed to present evidence establishing his guilt beyond a reasonable doubt on either the homicide or felony firearm charge. More specifically, Petitioner explains that the record is entirely devoid of any evidence placing him at the scene of the murder, indicating that he had actual or constructive possession of the firearm used to murder the victim (or that he is the individual who pulled the trigger), or establishing that he participated in the killing whatsoever. While recognizing that Michigan law permits a conviction to stand even when based entirely upon circumstantial evidence, Petitioner suggests that the evidence in his case amounted "to only a reasonable speculation and not to sufficient evidence." *Newman v. Metrish*, 543 F.3d 793, 796 (6th Cir. 2008) (granting a sufficiency challenge by a habeas petitioner where prosecution did not present evidence placing him at the scene of the crime and citing cases).

Pursuant to Supreme Court precedent, evidence adduced at trial is sufficient to support a conviction whenever, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). This standard must be applied

13

"with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.*, 443 U.S. at 324 n.16, 99 S. Ct. at 2792 n.16. "It is the province of the fact-finder to weigh the probative value of the evidence and resolve any conflicts in testimony[,]" not that of a reviewing court. *Matthews v. Abramajtys*, 319 F.3d 780, 788-89 (6th Cir. 2003). "*Jackson* leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial . . . . This deferential standard does not permit . . . fine-grained factual parsing." *Coleman v. Johnson*, __ U.S. __, 132 S. Ct. 2060, 2064 (2012) (citations and internal quotation marks omitted).

Because Petitioner's sufficiency of the evidence challenge with respect to the first-degree murder charge was adjudicated on the merits by the Michigan Court of Appeals, this Court must view the state court's determination through the lens of 28 U.S.C. § 2254(d)(1). As framed by AEDPA, the issue is whether the Michigan Court of Appeals unreasonably applied *Jackson* to the facts of Petitioner's case. "[A] state-court decision rejecting a sufficiency challenge may not be overturned on federal habeas unless the 'decision was "objectively unreasonable."'" *Parker v. Matthews*, __ U.S. __, 132 S. Ct. 2148, 2152 (2012) (quoting *Cavazos v. Smith*, 565 U.S. 1, __, 132 S. Ct. 2, 3 (2011) (per curiam)). When confronted with a sufficiency of the evidence challenge adjudicated on the merits in the state court, as is the posture of this case, "the law . . . commands

14

deference at two levels . . . first, to the jury's verdict as contemplated by *Jackson*, and, second, to the state court's consideration of the jury's verdict as dictated by AEDPA." *Parker v. Renico*, 506 F.3d 444, 448 (6th Cir. 2007).

"In order to convict a defendant of first-degree premeditated murder, the prosecution must first prove that the defendant intentionally killed the victim." *Unger*, 278 Mich. App. at 223, 749 N.W.2d at 286 (citation omitted). This, as opposed to the premeditation element, is where Petitioner takes issue with the sufficiency of the evidence; in other words, Petitioner challenges his conviction on the basis that there was no direct or physical evidence placing him at the intersection of Frederick and Dubois (where the murder victim was discovered) or otherwise establishing a connection between him and the murder weapon.[5] Petitioner not only objects to the ultimate determination that there was sufficient evidence; he also objects to the R&R's use of a timeline theory to establish guilt and to the references to motive and opportunity, as neither is an element of the offense.

---

[5] Although such evidence would have bolstered the prosecution's case, the Court notes that Officer Eric Smith testified that the area where the victim was discovered – the intersection of Frederick and Dubois in Detroit, Michigan – was blighted and largely vacant, containing only a few scattered structures among the otherwise overgrown and abandoned lots, and that the area lacked illumination of any sort. (8/17/09 Trial Tr. 172-73, ECF No. 9-8.) Taking this into consideration along with the fact that the shooting death transpired in the early morning hours, it is hardly surprising that the prosecution was unable to introduce evidence or testimony placing Petitioner at the crime scene.

Despite acknowledging that circumstantial evidence may be sufficient to sustain a conviction, Petitioner contends that the evidence adduced at trial would not permit any rational trier of fact to find him guilty of first-degree premeditated murder.  This Court, like Magistrate Judge Komives and the Michigan Court of Appeals, disagrees.  Because the R&R discusses the evidence with respect to the murder conviction, the Court will not rehash it here.  Suffice it to say that the discussion of the timing of the events,[6] motive,[7] and opportunity[8] served as circumstantial evidence placing Petitioner at the scene of the crime with the victim

---

[6] Although the exact time Petitioner allegedly picked up the victim varied slightly depending on whose testimony was credited, the Michigan Court of Appeals indicated that "family members last saw [the victim] alive leaving his home with [Petitioner] in a red Cadillac" "at 2:40 a.m." *People v. St. Ann*, No. 294569, 2010 WL 4485910, at *1, *3 (Mich. Ct. App. Nov. 9, 2010) (per curiam). Officer Smith testified that he and his partner were dispatched to the intersection of Frederick and Dubois at approximately 3:00 a.m., and that upon arrival, the victim was dead.  (8/17/09 Trial Tr. 172, ECF No. 9-8.)  Officer Smith further testified that it would take an individual approximately ten to fifteen minutes at that hour to drive from the location the victim was picked up to the place where he was discovered.  (*Id.* at 179.)

[7] The prosecution introduced evidence indicating that Petitioner financially benefited from life insurance policies taken out on the victim.  "Evidence of insurance on the life of the deceased is admissible in a prosecution for murder as long as it can be established that the defendant was aware of the insurance policy before the killing took place." *People v. Unger*, 278 Mich. App. 210, 224, 749 N.W.2d 272, 286 (Mich. Ct. App. 2008) (citation omitted).

[8] "[Petitioner] also had the opportunity to kill the victim. Evidence of opportunity is logically relevant in a prosecution for murder." *People v. Unger*, 278 Mich. App. 210, 224, 749 N.W.2d 272, 286 (Mich. Ct. App. 2008) (citation omitted).

on the night in question.  *United States v. Kelley*, 461 F.3d 817, 825 (6th Cir. 2006)

("Circumstantial evidence alone is sufficient to sustain a conviction and such

evidence need not remove every reasonable hypothesis except that of guilt.");

*Unger*, 278 Mich. App. at 223, 749 N.W.2d at 286 (noting that under Michigan

law, "circumstantial evidence and reasonable inferences arising therefrom may

constitute satisfactory proof of the elements of [a homicide] offense").  Upon

reviewing the evidence in the light most favorable to the prosecution and according

the deference required by AEDPA, this Court is unable to conclude that the

Michigan Court of Appeals unreasonably applied *Jackson* in holding that sufficient

evidence supported the first-degree murder conviction.

Petitioner also challenges the sufficiency of the evidence supporting the

felony firearm offense.  To sustain a conviction for felony firearm in Michigan, the

prosecution must establish, beyond a reasonable doubt, that an individual

possessed a firearm while committing, or while attempting to commit, a felony

offense.  Mich. Comp. Laws § 750.227b(1).  Pursuant to Michigan law, "[a] person

has 'possession' of a weapon when it is 'accessible and available . . . at the time

[the crime is committed].'"  *People v. Williams*, 198 Mich. App. 537, 541, 499

N.W.2d 404, 406 (Mich. Ct. App. 1993) (quotation omitted) (second alteration in

original).  Actual possession of the firearm at the time of arrest is not required and

access to the weapon is not to be determined solely by reference to the arrest.  *Id.*

17

pk

At the outset, the Court notes that neither the Michigan Court of Appeals nor the R&R discusses the evidence underlying the felony firearm conviction. The Court infers that this omission was predicated upon a belief that because there was sufficient evidence to convict Petitioner of first-degree murder, it follows that once the jury found that Petitioner killed the victim (who died of several gunshot wounds), he must have possessed a firearm during the commission of that crime (a felony).[9]

Petitioner appears to generally challenge the possession element of the offense, as he takes issue with the fact that no evidence was introduced to support a finding that he was in possession of a firearm. Petitioner points out that no firearm was ever recovered. This fact, in isolation, is immaterial, as the Michigan Court of Appeals has indicated that "[w]here conviction of an offense requires proof beyond a reasonable doubt that a defendant possessed a firearm, this element may be proven without the actual admission into evidence of the weapon." *People v. Hayden*, 132 Mich. App. 273, 296, 348 N.W.2d 672, 684 (Mich. Ct. App. 1984). Despite the apparent breadth of the language just quoted, *Hayden* contains an important limitation in that the court articulated this rule after approvingly citing dictum from another case providing that "where the victim testifies that he saw a

---

[9] The Court notes that a firearms expert testified at trial. Based on the ammunition he analyzed (retrieved from the victim's body), all of the shots were fired from one firearm. (8/19/09 Trial Tr. 29, ECF No. 9-10.)

gun, the defendant may permissibly be convicted of felony-firearm even if the weapon is never recovered." *Id.* (*citing People v. Mason*, 96 Mich. App. 47, 292 N.W.2d 480 (Mich. Ct. App. 1980)).  In this case, in addition to not producing the murder weapon or introducing evidence that Petitioner possessed the weapon (by, for example, offering testimony that Petitioner's fingerprints were found on the bullets lodged in the victim's body), the prosecution offered no testimony regarding Petitioner's access to any firearm.  This lack of testimony would give this Court greater pause had the jury acquitted Petitioner on the homicide charge. *Cf. Parker*, 506 F.3d at 541 (sustaining a petitioner's sufficiency challenge to a felony firearm conviction and explaining that the state court's "constructive-possession-by-elimination chain of reasoning would have more force had Parker been convicted on *any* of the substantive crimes charged") (emphasis in original). While the Court does not doubt that testimony tying Petitioner to a firearm would have strengthened the case against him, several bullets were recovered from the victim's body, indicating that whoever killed the victim – a felony offense if lacking in legal justification – used a firearm to do so.

To summarize, it is the task of this Court to examine only whether the Michigan Court of Appeals was unreasonable in concluding that some rational trier of fact could examine the evidence adduced at trial and conclude that Petitioner was guilty of the charged offenses beyond a reasonable doubt.  Having engaged in

19

a careful and thorough review of the evidence, and being mindful of the various levels of deference this Court must accord to the state court's determination, the Court concludes that the first-degree murder and felony firearm convictions are supported by sufficient, albeit circumstantial, evidence. A rational trier of fact in the state court proceedings could have concluded from the evidence taken in the light most favorable to the prosecution that Petitioner premeditated and deliberated the murder and that he employed a firearm during the commission of that offense. For this reason, the state appellate court's conclusion that the evidence was sufficient to support the jury's verdict was not unreasonable.

Objection Regarding Claim III (Jury Instructions):

With respect to Magistrate Judge Komives's treatment of Petitioner's claims relating to the jury, Petitioner objects to the finding regarding the propriety of the jury instructions, claiming that the instructions improperly shifted the burden of proof.[10] As explained in the R&R, this claim lacks merit and the Court adopts the analysis contained therein. One portion of Petitioner's objection bears mentioning, however. Petitioner suggests that habeas relief is warranted because in rejecting Petitioner's motion for relief from judgment, the state trial court indicated that the jury instruction objection should have been raised on direct appeal. However, the state court went on to analyze whether Petitioner's claim of ineffective assistance

---

[10] Petitioner does not object to Magistrate Judge Komives's conclusion regarding the polling of the jury.

20

of counsel satisfied the state law cause and prejudice standard to excuse the failure

to raise the argument earlier.  Ultimately, the trial court determined that because

the claimed instructional error lacked merit, counsel could not be deemed

ineffective for failing to raise the issue. This determination was entirely reasonable.

Objection Regarding Claims IV & V (Prosecutorial Misconduct):

Petitioner objects to Magistrate Judge Komives's findings that the

prosecutor did not commit misconduct by presenting perjured testimony to the jury

and that comments made by the prosecutor were not improper.

Petitioner first contends that the prosecutor elicited perjured testimony,

evidenced by various testimonial inconsistencies between witnesses and, in some

cases, between a witness's preliminary examination testimony and trial testimony.

He also cites one witness's demeanor as demonstrating that she was lying during

her testimony. As Magistrate Judge Komives explained, Petitioner has not

discharged his burden of demonstrating that these inconsistencies amounted to

perjured testimony.  *See, e.g.*, *Byrd v. Collins*, 209 F.3d 486, 817-18 (6th Cir.

2000) (petitioner must establish that challenged testimony was "indisputably

false"); *United States v. Griley*, 814 F.2d 967, 971 (4th Cir. 1987) ("Mere

inconsistencies in testimony by government witnesses do not establish the

government's knowing use of false testimony.").  Having reviewed Petitioner's

objection on this point, the Court finds no reason to disturb, or otherwise elaborate upon, Magistrate Judge Komives's analysis.

Petitioner's second claim of prosecutorial misconduct fares no better. He contends that the prosecution prejudiced the jury by drawing unwarranted inferences from the evidence surrounding the insurance policies and by referring to Petitioner's involvement in an insurance "scheme" during closing argument. As an initial matter, the Sixth Circuit "has been reluctant to grant habeas petitions based on improper prosecutorial statements at closing argument." *Wilson v. Mitchell*, 250 F.3d 388, 399 (6th Cir. 2001). Further, "[e]ven if the prosecutor's use of the word 'scheme' was improper, the comment falls far short of even more egregious comments which have been held not to deprive a defendant of a fair trial." (R&R 29 (citing cases).) Having reviewed the record, the R&R, and Petitioner's objection, the Court concludes that Petitioner has not demonstrated that habeas relief is warranted on this ground.

Objection Regarding Biased Judge (Claim V):

In the R&R, Magistrate Judge Komives describes the requirement of judicial impartiality to a fair trial and concludes that Petitioner has not satisfied his burden of demonstrating that the trial judge evidenced any bias toward him. Petitioner objects to this conclusion on the basis that the trial judge made a passing remark at the motion for reinstatement that he was "cynical" and that the trial judge's

22

explanation of the bind over process to the jury influenced the jury's guilt

determination.  Both objections are factually lacking in merit and, as the R&R

indicates, fail to show that the state trial judge harbored any bias.[11]   Habeas relief

is not warranted on this ground.

Objection Regarding Ineffective Assistance of Counsel (Claim VI):

Petitioner objects to the R&R's determination that Petitioner was not denied

the effective assistance of trial or appellate counsel.  Petitioner does not state his

objection with specificity but rather points this Court to his memorandum of law in

support of his habeas petition and to his reply brief.  The filing of general

objections does not typically suffice to preserve the issue for appeal.  *Robert v.*

---

[11] Petitioner's interpretation of the "cynical" remark is entirely unfounded.
The trial judge did not admit to being "cynical" against Petitioner during the July
10, 2009 hearing; rather, the trial judge stated:

> As I said earlier, though perhaps in a cynical kind of way, if it was
> required that every time somebody murdered someone that there be
> direct evidence that someone was actually there, they couldn't be held
> liable, then they probably would have to close down the prosecution's
> office on murder cases, or at least there would be a tremendous
> problem with presenting those kinds of cases if that was the standard.

(7/10/09 Hrg. Tr. 18.)

Secondly, Petitioner indicates that the trial judge "informed the jurors that
Petitioner was bound over for trial because the elements existed by a probable
cause standard.  The jurors . . . concluded that since another judge had already
found guilt by a probable cause standard – the defendant had to be guilty of
something."  (Pet'r's Obj. 39-40.)  This argument is unpersuasive.  Further, to the
extent Petitioner suggests that the trial judge's explanation of the bind over process
improperly shifted the burden of proof to the defense, this Court does not agree.

*Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (citation omitted); *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."). However, recognizing that this Court is faced with "the sobering issue of whether a man was unconstitutionally deprived of his liberty[,]" the Court does not dismiss Petitioner's objection lightly. *Tucker*, 541 F.3d at 654. Having carefully and thoroughly reviewed the record and the R&R, the Court is not persuaded that Petitioner's ineffective assistance claims have any merit. Accordingly, this objection is overruled.

Objection Regarding Magistrate Judge Komives's Conclusion:

Despite being labeled as an objection, this portion of Petitioner's objections serves as its conclusion. To the extent Petitioner asks this Court to review his objections to the R&R *de novo*, this the Court has done.

## III.   CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). Title 28 U.S.C. § 2253 governs appeals in § 2254 proceedings and provides, in pertinent part: "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2).  In explaining the meaning of a "substantial showing" necessary to receive of a certificate of appealability, the Supreme Court has explained that when a district court denies a habeas petition on the merits of the claims presented, a certificate may issue if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003) ("A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."). If a petitioner makes the requisite showing and a district court grants a certificate of appealability, the court must indicate the specific issue(s) for which the applicant made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(3).

While the Court does not believe that Petitioner is entitled to a writ of habeas corpus for the reasons set forth in this Opinion and Order, the Court acknowledges that the issue of whether there was sufficient evidence to sustain both the first-degree premeditated murder and felony firearm convictions may be debatable among jurists of reason.  A Sixth Circuit panel once explained:

> The *Jackson* standard is as easy to articulate as it is difficult to apply. Where there is only circumstantial evidence available, as in the instant case, this ineffable standard is especially challenging, and even more so when that evidence supports a host of permissible inferences.

25

*Newman*, 543 F.3d at 796; *see also Brown v. Palmer*, 441 F.3d 347, 352 (6th Cir.

2006) (noting that even post-AEDPA, courts should continue to "distinguish

reasonable speculation from sufficient evidence . . . in establishing that the state

court's application of [*Jackson*] was reasonable.")  In light of the absence of

evidence or testimony regarding Petitioner's possession of the murder weapon, or,

for that matter, any weapon, the Court believes jurists of reason *may* differ on the

issue of whether the jury found Petitioner guilty of the homicide and firearm

charge based on a chain of attenuated inferences.  For this reason, the Court does

not believe that Petitioner should be denied the opportunity to seek appellate

review of this issue, and will therefore grant a certificate of appealability on this

issue.  The Court does not find the remaining issues presented in the petition to be

debatable among jurists of reason.

## IV.   CONCLUSION AND ORDER

Having reviewed the R&R and Petitioner's objections thereto, this Court

finds that Petitioner has failed to demonstrate that the Michigan state courts

applied law that was contrary to, or involved an unreasonable application of,

Supreme Court precedent.  The Court therefore adopts the R&R, as supplemented

by this Opinion and Order, with the exception that the Court does not adopt the

recommendation that the Court decline to issue a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability is **GRANTED** on the issue of whether Petitioner's convictions for first-degree premeditated murder and felony firarm are supported by sufficient evidence.

Dated: August 12, 2014

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

**David St Ann**, # 741290
Saginaw Correctional Facility
9625 Pierce Road
Freeland, MI 48623

**Laura Moody, A.A.G.**
**Linus R. Banghart-Linn, A.A.G.**
**Magistrate Judge Paul J. Komives**